# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

## MEDFORD DIVISION

| | |
|---|---|
| **KEITH JOHN FINO,** | Case No. 6:15-cv-01910-PA |
| Plaintiff, | **OPINION AND ORDER** |
| v. | |
| **CAROLYN W. COLVIN,** Acting Commissioner of Social Security | |
| Defendant. | |

**PANNER, District Judge:**

Plaintiff Keith John Fino ("Plaintiff") seeks judicial review of the final decision of the

Commissioner of the Social Security Administration ("Commissioner") denying his application

for a period of disability and disability insurance benefits ("DIB") under Title II of

PAGE 1 – OPINION AND ORDER

the Social Security Act. This court has jurisdiction under 42 U.S.C. §§ 405(g) and 1383(c). For the following reasons, the Commissioner's decision is AFFIRMED.

## BACKGROUND

Born in January 1964, Plaintiff was 46 years old on his alleged onset date of January 2, 2011. Tr. 70. Plaintiff filed an application for a period of disability and DIB on January 4, 2012, alleging disability due to back injury, diabetes, bladder dysfunction, lumbar degenerative disc disease, spondylosis, facet joint arthritis, and intervertebral disc syndrome with bowel dysfunction. *Id.*

After Plaintiff's application was denied initially and on reconsideration, he requested a hearing before an Administrative Law Judge ("ALJ"). Tr. 101. Following an administrative hearing, the ALJ issued a decision finding Plaintiff not disabled on March 4, 2014. Tr. 20. The Appeals Council denied Plaintiff's subsequent request for review on August 5, 2015, and the ALJ's decision became the final decision of the Agency. 20 C.F.R. § 422.210. This appeal followed.

## DISABILITY ANALYSIS

A claimant is disabled if he or she is unable to "engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which . . . has lasted or can be expected to last for a continuous period of not less than 12 months[.]" 42 U.S.C. § 423(d)(1)(A). "Social Security Regulations set out a five-step sequential process for determining whether an applicant is disabled within the meaning of the Social Security Act." *Keyser v. Comm'r*, 648 F.3d 721, 724 (9th Cir. 2011). Each step is potentially dispositive. 20 C.F.R. § 416.920(a)(4). The five-step sequential process asks the following series of questions:

1. Is the claimant performing "substantial gainful activity?" 20 C.F.R. § 416.920(a)(4)(i). This activity is work involving significant mental or physical

duties done or intended to be done for pay or profit. 20 C.F.R. § 416.910. If the claimant is performing such work, she is not disabled within the meaning of the Act. 20 C.F.R. § 416.920(a)(4)(i). If the claimant is not performing substantial gainful activity, the analysis proceeds to step two.

2. Is the claimant's impairment "severe" under the Commissioner's regulations? 20 C.F.R. § 416.920(a)(4)(ii). Unless expected to result in death, an impairment is "severe" if it significantly limits the claimant's physical or mental ability to do basic work activities. 20 C.F.R. § 416.921(a). This impairment must have lasted or must be expected to last for a continuous period of at least 12 months. 20 C.F.R. § 416.909. If the claimant does not have a severe impairment, the analysis ends. 20 C.F.R. § 416.920(a)(4)(h). If the claimant has a severe impairment, the analysis proceeds to step three.

3. Does the claimant's severe impairment "meet or equal" one or more of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1? If so, then the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(iii). If the impairment does not meet or equal one or more of the listed impairments, the analysis proceeds beyond step three. At that point, the ALJ must evaluate medical and other relevant evidence to assess and determine the claimant's "residual functional capacity" ("RFC"). This is an assessment of work-related activities that the claimant may still perform on a regular and continuing basis, despite any limitations imposed by his or her impairments. 20 C.F.R. §§ 416.920(e); 416.945(b)–(c). After the ALJ determines the claimant's RFC, the analysis proceeds to step four.

4. Can the claimant perform his or her "past relevant work" with this RFC assessment? If so, then the claimant is not disabled. 20 C.F.R. § 416.920(a)(4)(iv). If the claimant cannot perform his or her past relevant work, the analysis proceeds to step five.

5. Considering the claimant's RFC and age, education, and work experience, is the claimant able to make an adjustment to other work that exists in significant numbers in the national economy? If so, then the claimant is not disabled. 20 C.F.R. §§ 416.920(a)(4)(v); 416.960(c). If the claimant cannot perform such work, he or she is disabled. *Id.*

*See also Bustamante v. Massanari*, 262 F.3d 949, 954 (9th Cir. 2001).

The claimant bears the burden of proof at steps one through four. *Id.* at 953. The

Commissioner bears the burden of proof at step five. *Id.* at 953–54. At step five, the

Commissioner must show the claimant can perform other work that exists in significant numbers

in the national economy, "taking into consideration the claimant's residual functional capacity,

PAGE 3 – OPINION AND ORDER

age, education, and work experience." *Tackett v. Apfel*, 180 F.3d 1094, 1100 (9th Cir. 1999); *see also* 20 C.F.R. § 416.966 (describing "work which exists in the national economy"). If the Commissioner fails to meet this burden, the claimant is disabled. 20 C.F.R. § 416.920(a)(4)(v). If, however, the Commissioner proves the claimant is able to perform other work existing in significant numbers in the national economy, the claimant is not disabled. *Bustamante*, 262 F.3d at 953–54; *Tackett*, 180 F.3d at 1099.

## THE ALJ'S FINDINGS

The ALJ performed the sequential analysis. At step one, the ALJ found Plaintiff had engaged in substantial gainful activity since the alleged onset date of January 2, 2011. Tr. 14. At step two, the ALJ found Plaintiff has the following severe impairments: multilevel degenerative disk disease, bladder dysfunction, bilateral lower extremity peripheral neuropathy, and glen humeral and acromioclavicular osteoarthritis. *Id.* At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of a listed impairment. Tr. 16.

In assessing Plaintiff's RFC, the ALJ found Plaintiff was able to perform medium work with the following limitations: he must have access to a bathroom on the premises; he must be allowed to alternate sitting and/or standing positions as needed throughout the day while remaining on task; he can occasionally balance; he is a right hand dominant individual that can engage in occasional overhead reaching with the left; and he must avoid all exposure to operational control of moving machinery, hazardous machinery, and unprotected heights. *Id.*

At step four, the ALJ found Plaintiff was unable to perform any of his past relevant work. Tr. 19. At step five, the ALJ found Plaintiff was able to perform work that exists in the national

economy, including hand packager, small products assembler, and electronics worker. Tr. 20.

Accordingly, the ALJ found Plaintiff not disabled. *Id.*

## STANDARD OF REVIEW

The reviewing court must affirm the Commissioner's decision if it is based on the proper

legal standards and the findings are supported by substantial evidence. 42 U.S.C. § 405(g); *see*

*also Hammock v. Bowen*, 879 F.2d 498, 501 (9th Cir. 1989). "Substantial evidence" means

"more than a mere scintilla, but less than a preponderance." *Bray v. Comm'r*, 554 F.3d 1219,

1222 (9th Cir. 2009) (quoting *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995)). It means

"such relevant evidence as a reasonable mind might accept as adequate to support a conclusion."

*Id.*

Where the evidence is susceptible to more than one rational interpretation, the

Commissioner's conclusion must be upheld. *Sample v. Schweiker*, 694 F.2d 639, 642 (9th Cir.

1982). Variable interpretations of the evidence are insignificant if the Commissioner's

interpretation is a rational reading of the record, and this court may not substitute its judgment

for that of the Commissioner. *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "However, a

reviewing court must consider the entire record as a whole and may not affirm simply by

isolating a specific quantum of supporting evidence." *Orn v. Astrue*, 495 F.3d 625, 630 (9th Cir.

2007).

Even where findings are supported by substantial evidence, "the decision should be set

aside if the proper legal standards were not applied in weighing the evidence and making the

decision." *Flake v. Gardner*, 399 F.2d 532, 540 (9th Cir. 1968). Under sentence four of 42

U.S.C. § 405(g), the court has the power to enter, upon the pleadings and transcript record, a

judgment affirming, modifying, or reversing the decision of the Commissioner, with or without remanding the case for a rehearing.

## DISCUSSION

Plaintiff argues the ALJ erred by: (1) improperly discrediting Plaintiff's testimony, (2) improperly finding Plaintiff's diabetes as a non-severe impairment, (3) improperly discounting the U.S. Department of Veterans Affairs (VA) disability rating decision, and (4) failing to fully develop the record.

## I.    The ALJ properly rejected Plaintiff's testimony.

First, Plaintiff contends the ALJ erred by failing to provide clear and convincing reasons for rejecting his testimony.

There is a two-step process for evaluating a claimant's testimony about the severity and limiting effect of the claimant's symptoms. *Vasquez v. Astrue*, 572 F.3d 586, 591 (9th Cir. 2009). First, the ALJ must determine whether there is objective medical evidence of an underlying impairment that could reasonably be expected to produce some degree of the alleged symptoms. *Smolen v. Chater*, 80 F.3d 1273, 1282 (9th Cir. 1996). Second, if such evidence exists, barring affirmative evidence of malingering,[1] the ALJ must give clear and convincing reasons for discrediting the claimant's testimony regarding the severity of the symptoms. *Id.* at 1284; *see also Lingenfelter v. Astrue*, 504 F.3d 1028, 1036 (9th Cir. 2007). A general assertion that a plaintiff is not credible is insufficient. The ALJ must identify what testimony is not credible and what evidence undermines the claimant's allegations. *Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).[2]

---

[1] The ALJ found no evidence of malingering in this case.

[2] I note, pursuant to SSR 16-3p, the ALJ is no longer tasked with making an overarching credibility determination and instead must assess whether the claimant's subjective symptom statements are consistent with the record as a whole. *See* SSR 16-3p, *available at* 2016 WL 1119029 (superseding SSR 96-7p). The ALJ's March 2014

Here, Plaintiff testified he stopped working on the alleged onset date because his condition prevented him from climbing ladders, heavy lifting, carrying objects, and working without urinary incontinence. Tr. 34–36. He stated his legs give out occasionally and he cannot sit for prolonged periods of time. Tr. 39, 42. Plaintiff acknowledged he should exercise to control his diabetes, but he testified he cannot exercise due to issues with his back and arms. *Id.* Plaintiff stated he injured his left shoulder in August 2013, and the injury was still an issue at the time of the hearing. Tr. 47. Further, he testified both of his shoulders suffer from arthritis and bursitis, which prevent him from doing repetitive motions as well as heavy lifting. Tr. 48.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause some of the alleged symptoms. Tr. 17. The ALJ nevertheless concluded Plaintiff's testimony was not credible because (1) the medical record did not support the severity of Plaintiff's symptoms and (2) Plaintiff's activity level was not consistent with his claimed limitations. Tr. 17–18.

### a. The ALJ reasonably found the medical record did not support the severity of Plaintiff's symptoms.

The ALJ may consider objective medical evidence and the claimant's treatment history in assessing the claimant's testimony. *Smolen*, 80 F.3d at 1284. Here, the ALJ cited to a March 2011 Magnetic Resonance Imaging ("MRI") of Plaintiff's lumbar spine that revealed mild degenerative disc disease without significant central spinal stenosis or signs of nerve impingement. Tr. 17, 255, 297. She also looked to an April 2012 consultative examination by

---

decision was issued before SSR 16-3p became effective and there is no binding precedent interpreting this new ruling including whether it applies retroactively. *Compare Ashlock v. Colvin*, CASE NO. 3:15-cv-05767 DWC, 2016 WL 3438490, *5 n.1 (W.D. Wash. June 22, 2016) (declining to apply SSR 16-3p to an ALJ decision issued prior to the effective date), *with Lockwood v. Colvin*, No. 15 C 192, 2016 WL 2622325, *3 n.1 (N.D. Ill. May 9, 2016) (applying SSR 16-3p retroactively to a 2013 ALJ decision). Because the ALJ's findings in regard to this issue pass muster irrespective of which standard governs, I need not resolve this issue.

Vincente Bernabe, D.O., in which Dr. Bernabe concluded Plaintiff's back and shoulder issues resulted in generally mild limitations.[3] Tr. 17, 305–08. Lastly, the ALJ referred to October 2013 x-rays of Plaintiff's shoulders, following his August 2013 injury, which revealed mild bilateral glen humeral and moderate bilateral acromioclavicular osteoarthritic changes. Tr. 17, 450. No joint effusion, acute fracture or dislocation, or soft tissue abnormalities were detected. *Id.*

Further, the ALJ noted "claimant's treatment was [sic] been very conservative . . . and he has not generally received the type of medical treatment one would expect for a totally disabled individual." Tr. 18. "[E]vidence of 'conservative treatment' is sufficient to discount a claimant's testimony regarding the severity of an impairment." *Parra v. Astrue*, 481 F.3d 742, 751 (9th Cir. 2007) (quoting *Johnson v. Shalala*, 60 F.3d 1428, 1434 (9th Cir. 1995)). The ALJ cited to an October 2013 treatment report, which indicates favorable rehabilitation potential of Plaintiff's shoulder with physical therapy. Tr. 499. More broadly, an independent review of the record shows Plaintiff has primarily sought and been treated with anti-inflammatories and pain medication. *See, e.g.*, tr. 236, 242–43, 328, 432. I find the medical record supports the ALJ's credibility findings in this regard.

### b. The ALJ reasonably considered Plaintiff's activity level.

The ALJ may also consider the claimant's daily activities when determining the credibility of a claimant's testimony. *Smolen*, 80 F.3d at 1284. "Even where those activities suggest some difficulty functioning, they may be grounds for discrediting the claimant's testimony to the extent that they contradict claims of a totally disabling impairment." *Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012).

---

[3] Plaintiff argues Dr. Bernabe's report is ambiguous due to Plaintiff's testimony that Dr. Bernabe did not sufficiently perform an examination. However, for the reasons provided *infra* § IV, I conclude the ALJ reasonably interpreted Dr. Bernabe's findings.

As the ALJ recognized, Plaintiff testified on a typical day he can prepare meals and coffee and perform self-care. Tr. 51. Further, she acknowledged Plaintiff testified he leaves his house to run errands or spend time with family. *Id.* The ALJ also noted Plaintiff's shoulder injury in August 2013 was the result of lifting weights. Tr. 18, 462. As indicated by other evidence in the record, weight lifting was part of a regimen frequently encouraged by treatment providers who stressed the effective role of exercise in controlling Plaintiff's pain, obesity, and diabetes. *See, e.g.*, 237, 249, 330, 427, 463. This evidence supports the ALJ's finding that "[t]hese activities indicate a higher level of function than that alleged by the claimant." Tr. 18.

I conclude the ALJ gave clear and convincing reasons for rejecting Plaintiff's testimony.

## II.    The ALJ properly found Plaintiff's diabetes as a non-severe impairment.

Plaintiff also contends the ALJ failed to find Plaintiff's diabetes as a severe impairment at step two, which resulted in a flawed sequential analysis and RFC determination.

The step two inquiry is a *de minimus* screening device to dispose of groundless claims. *Bowen v. Yuckert*, 482 U.S. 137, 153–54 (1987). "An impairment . . . may be found 'not severe *only if* the evidence establishes a slight abnormality that has no more than a minimal effect on an individual's ability to work.'" *Webb v. Barnhart*, 433 F.3d 683, 686 (9th Cir. 2005) (quoting *Smolen*, 80 F.3d at 1290) (emphasis in original).

The ALJ found Plaintiff's diabetes was non-severe because it is "well controlled with medication and [does] not cause significant vocational limitations." Tr. 15. "Impairments that can be controlled effectively with medication are not disabling for the purpose of determining eligibility for SSI benefits." *Warre v. Comm'r*, 439 F.3d 1001, 1006 (9th Cir. 2006). An independent review of the record shows Plaintiff is managing his diabetes with insulin use. Tr. 458. I find the record supports the ALJ's step-two findings in this regard.

### III.    The ALJ properly gave less weight to the VA disability rating.

Plaintiff also contends the ALJ improperly gave less weight to the VA disability rating decision.

"'[A]lthough a VA rating of disability does not necessarily compel the SSA to reach an identical result, 20 C.F.R. § 404.1504, the ALJ must consider the VA's finding in reaching his decision' and the ALJ 'must ordinarily give great weight to a VA determination of disability.'" *McLeod v. Astrue*, 640 F.3d 881, 886 (9th Cir. 2010) (quoting *McCartey v. Massanari*, 298 F.3d 1072, 1076 (9th Cir. 2002)). "Because the VA and SSA criteria for determining disability are not identical, however, the ALJ may give less weight to a VA disability rating if [s]he gives persuasive, specific, valid reasons for doing so that are supported by the record." *McCartey*, 298 F.3d at 1076.

The November 2011 VA decision concluded Plaintiff was 80% disabled due to degenerative arthritis of the spine, bladder dysfunction, and paralysis of the sciatic nerve in his lower extremities. Tr. 171, 410. The ALJ found the "partial VA disability rating does not support a conclusion that the claimant is unable to perform any work in light of the objective testing and treatment history." Tr. 19. Accordingly, the ALJ gave less weight to the VA's rating. Tr. 19.

As discussed *supra* § I, the "objective testing and treatment history" relied on by the ALJ reveals Plaintiff has mild degenerative disc disease that does not severely restrict his functioning. Tr. 255, 297, 305–08. The ALJ also recognized Plaintiff received conservative treatment. *See supra* § I; *see also Berry v. Astrue*, 622 F.3d 1228, 1236 (9th Cir. 2010) (finding ALJ properly rejected VA disability rating because claimant's back pain was controlled with medication). Further, this evidence proceeded and was not considered in the VA decision.

I conclude the ALJ gave a specific and valid reason to give less weight to the VA decision, and I find the record supports this reasoning.

## IV. The ALJ fully developed the record.

Finally, Plaintiff contends the ALJ failed to fully develop the record. Specifically, Plaintiff argues the ALJ erred by failing to: (1) supplement the record with Plaintiff's Compensation and Pension ("C&P") Examination report, (2) resolve ambiguity regarding Dr. Bernabe's consultative examination, and (3) leave the record open for Plaintiff's February 2014 MRI.

The plaintiff in a disability case is "ultimately responsible for providing the evidence to be used in making the RFC finding." *Widmark v. Barnhart*, 454 F.3d 1063, 1068 (9th Cir. 2006). However, "the ALJ has 'a special duty to fully and fairly develop the record and to assure that the claimant's interests are considered.'" *Id.* (quoting *Brown v. Heckler*, 713 F.2d 441, 443 (9th Cir. 1983)). This is "particularly true" when the claimant is not represented by counsel. *Id.* The ALJ's duty to develop the record is triggered "only when there is ambiguous evidence or when the record is inadequate to allow for proper evaluation of the evidence." *Mayes v. Massanari*, 276 F.3d 453, 459–60 (9th Cir. 2001).

### a. The ALJ did not have to supplement the record with the C&P Examination.

The VA decision relied on a C&P Examination, performed in August 2011, in finding Plaintiff's 80% disability rating. Tr. 172, 410. The decision summarizes and refers to the C&P Examination, including particular reports by Plaintiff and objective findings by the examiner. Tr. 172–73, 174, 175. As discussed *supra* § III, the ALJ gave less weight to the VA decision because the VA's finding of partial disability did not support a conclusion of total disability in light of the record. Tr. 19.

PAGE 11 – OPINION AND ORDER

Plaintiff contends the ALJ should have supplemented the record with the C&P

Examination report. However, the VA decision referred to the C&P Examination in coming to its

disability rating, and the VA decision was before the ALJ. This is not an instance in which the

ALJ failed to inquire into a VA rating. *See McLeod*, 640 F.3d at 888 (finding such error

triggering duty to develop record). I find the record was adequate in this regard to allow for

proper evaluation of the evidence.

### b. The ALJ reasonably interpreted Dr. Bernabe's examination.

In April 2012, Dr. Bernabe performed a consultative examination on Plaintiff. *See* tr.

303–08. Dr. Bernabe made findings as to Plaintiff's gait, neck and back range of motion, and

upper and lower extremities; he also performed a neurological examination. Tr. 305–07. Dr.

Bernabe concluded Plaintiff is able to lift and carry no more than 50 pounds occasionally and 25

pounds frequently and walk and stand six hours out of an eight-hour day. Tr. 307–08. The ALJ

placed significant weight on Dr. Bernabe's opinion in concluding Plaintiff is not disabled under

the Act. Tr. 18.

Plaintiff testified Dr. Bernabe did not perform the examination as extensively as the

record indicates. Tr. 44–46. Now, Plaintiff contends the ALJ should have subpoenaed or

submitted questions to Dr. Bernabe in light of this testimony. Although Plaintiff disagrees with

the ALJ's interpretation of the medical record, "[w]hen the evidence before the ALJ is subject to

more than one rational interpretation, we must defer to the ALJ's conclusion." *Batson v.

Comm'r*, 359 F.3d 1190, 1198 (9th Cir. 2004). No other evidence indicates Dr. Bernabe did not

perform a full consultative examination. Ultimately, the ALJ is responsible for resolving

conflicts in the medical testimony. *Stubbs-Danielson v. Astrue*, 539 F.3d 1169, 1174 (9th Cir.

2008). I find the ALJ reasonably interpreted Dr. Bernabe's examination.

**c.  The ALJ did not have to hold the record open for the February 2014 MRI.**

Plaintiff scheduled an MRI for his shoulder in February 2014, less than a month after the hearing. Tr. 47. After the ALJ issued her decision in March 2014, Plaintiff submitted a statement summarizing the MRI results to the Appeals Council. Tr. 214.

Plaintiff contends the ALJ should have held the record open for Plaintiff to submit the MRI results. After Plaintiff injured his shoulder in August 2013, however, x-rays were performed and revealed relatively benign findings. Tr. 456. Further, physical therapy records indicate that Plaintiff's rehabilitation potential was favorable following conservative treatment. Tr. 495. I find the record was adequate at the time of the ALJ's decision to allow for proper evaluation of the evidence. *See, e.g.*, *McLeod*, 640 F.3d at 884–85 (finding ALJ did not have to develop record when there was substantial medical record evidence).[4]

In sum, I conclude the ALJ's duty to develop the record was not triggered.

## CONCLUSION

Based on the foregoing, and pursuant to sentence four of 42 U.S.C. § 405(g), the decision of the Commissioner is AFFIRMED and this action is DISMISSED.

DATED this **23** day of September, 2016.

OWEN M. PANNER
United States District Judge

---

[4] Plaintiff argues in the alternative this Court should reopen the record because the February 2014 MRI warrants a sentence six remand. Considering the abovementioned evidence, I similarly conclude the MRI does not warrant a sentence six remand because Plaintiff has not "demonstrate[d] that there is a 'reasonable possibility' that the new evidence would have changed the outcome of the administrative hearing." *Mayes*, 276 F.3d at 462 (quoting *Booz v. Sec. of Health & Human Servs.*, 734 F.2d 1378, 1380–81 (9th Cir. 1983)) .